UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21307-CIV-MOORE/MCALILEY

IBRAHIM CRUZ,

Plaintiff,

v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Petition for Attorney's Fees, which the Honorable K. Michael Moore referred to me. [DE 35, 36]. The Petition is fully briefed. [DE 37, 38]. For the reasons set forth below, I respectfully recommend that the Court deny the Petition because it is untimely.

## I. Background

Plaintiff filed this action for judicial review of the final decision of the Commissioner of Social Security, who denied Plaintiff's claim for Social Security benefits. [DE 1]. The Commissioner filed an answer, and the parties thereafter filed cross-motions for summary judgment. [DE 19, 26, 27]. In my Report and Recommendation, I recommended that the Court grant Plaintiff's motion for summary judgment and remand the matter to the Commissioner for further proceedings. [DE 29]. The Commissioner did not object to my Report and Recommendation, and on September

21, 2017, Judge Moore entered an Order that adopted it and remanded the case to the Commissioner for further proceedings (the "Remand Order"). [DE 30].

On June 15, 2018, Plaintiff filed his first Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). [DE 31]. Judge Moore referred the Petition to me, and I entered an Order denying the Petition without prejudice because Plaintiff failed to include a certificate of good faith conference as required by Local Rule 7.1. [DE 33]. On July 3, 2018, Plaintiff filed a revised Petition for Attorney's Fees, which includes the required certificate of good faith conference. [DE 35]. The revised Petition is the subject of this Report and Recommendation.

The Commissioner contends that the revised Petition is untimely and therefore the Court must deny it. [DE 37]. Plaintiff responds that his Petition is timely because the Court did not follow the Remand Order with a separate final judgment, which Plaintiff believes is a necessary prerequisite to starting the clock on the EAJA's 30-day period within which Plaintiff may file a petition to recover his attorneys' fees. According to Plaintiff, that 30-day period has not begun, and will not start until the Court enters a separate final judgment. [DE 38]. Plaintiff further argues that the $5,026.35 of attorney's fees he asks to recover are reasonable [DE 35], something the Commissioner does not address. [DE 37].

After closely reviewing this record and the applicable law, I conclude that the Petition is untimely and therefore must be denied. This being so, I do not consider whether the attorneys' fees Plaintiff claims are reasonable.

## II. Analysis

The EAJA authorizes a party that has prevailed in an action against the United States, under certain conditions, to recover the fees and expenses that party incurred litigating that action. 28 U.S.C. § 2412(d)(1).[1] The Act requires a party that seeks an award of attorney's fees to file that application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). It defines the term "final judgment" to mean "a judgment that is final and not appealable…." 28 U.S.C. § 2412(d)(2)(G). The question here is whether Plaintiff met that filing deadline.

### A. <u>The Remand Order is a Judgment that is Final</u>

As a first step, the Court must decide if the Remand Order is a judgment that is final. "[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Remand Order falls within this definition because it was entered pursuant to sentence four of 42 U.S.C. 405(g).

"[T]he exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)…." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence four provides in pertinent part that the district court "shall have power to enter…a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

---

[1] The Commissioner does not dispute that the EAJA entitles Plaintiff to recover attorneys' fees he incurred bringing this action.

By contrast, the scope of a remand under sentence six is narrower. The Court may remand either "where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Schaefer*, 509 U.S. at 297 n. 2 (citations omitted). Importantly, a sentence-six remand does not end the civil action. After the agency reconsiders the remanded action, the Commissioner must then return to the district court to "file with the court any such additional or modified findings of fact and decision, and…a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." 42 U.S.C. § 405(g).

In its Remand Order, the Court reversed the decision of the Commissioner and remanded the matter for further proceedings, as authorized by sentence-four.[2] [DE 30]. The Remand Order terminated this civil action, and thus is a "final judgment" within the meaning of *Melkonyan*.[3] In fact, the Supreme Court has repeatedly recognized that a sentence-four remand order is a judgment that is final. *See Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (holding that a sentence-four remand order is an appealable final judgment); *Schaefer*, 509 U.S. at 303 ("…the District Court's [sentence-four] remand order was a final judgment....").[4,5] The Supreme Court has also acknowledged that for a

[2] The Remand Order cannot fall within sentence six because the Commissioner answered Plaintiff's complaint, and neither party claimed there was new evidence which had not been presented below, that warranted a remand.

[3] The Remand Order also instructed the Clerk of Court to close this case, [DE 30 at 2], which is consistent with termination of the action.

[4] As here, the trial court in *Schaefer* did not enter a separate judgment. Nonetheless, the Supreme Court concluded that "[b]y entering a sentence-four remand order, the District Court did enter a

judgment to be final, it need not be labeled as such. *See Finkelstein*, 496 U.S. at 628, n. 7. ("It is true…that the District Court did not caption its order as a 'judgment,' much less a 'final judgment.' The label used by the District Court of course cannot control the order's appealability in this case…") (citation omitted).

In sum, the Remand Order satisfies the first element of the EAJA's definition of "final judgment," as it is a judgment that is final.

B. The Remand Order Became "Not Appealable"

In sentence-four remand cases, the EAJA's 30-day period to file an application for attorney's fees begins to run "after the final judgment…is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan*, 501 U.S. at 102 (citing § 2412(d)(2)(G)); *see also Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable' – *i.e.,* 30 days after the time for appeal has ended.") (citations omitted).

Having determined that the Remand Order is a final judgment, the Court must next decide when it became "not appealable" (i.e., when the appeal period ended). The answer rests on whether final judgment has been "entered" under Rule 58 of the Federal Rules of Civil Procedure, and if so when.

---

*judgment*; it just failed to comply with the formalities of Rule 58 in doing so." 509 U.S. at 303, n.6 (emphasis in original).

[5] Plaintiff concurs, stating that "[t]he Supreme Court held [*in Schaefer*] that a fourth-sentence remand constitutes a 'final judgment' that triggers the filing period for an EAJA fee application…." [DE 38 at 4].

a. Fed. R. Civ. P. Rule 58

Rule 58 prescribes when a judgment is "entered." Rule 58(a) states that, except in limited circumstances not present here, "[e]very judgment and amended judgment must be set out in a separate document...." Fed. R. Civ. P. 58(a). Whether a separate document is required affects the timing of entry of the judgment. Rule 58(c)(1) provides that "if a separate document is **not** required, [judgment is entered] when the judgment is entered in the civil docket under Rule 79(a)." Fed. R. Civ. P. 58(c)(1) (emphasis added). Rule 58(c)(2) states:

> "if a separate document **is** required, [judgment is entered] when the judgment is entered in the civil docket under Rule 79(a) **and** the **earlier** of these events occurs:
>
> (A) it is set out in a separate document; **or**
>
> (B) 150 days have run from the entry in the civil docket.

Fed. R. Civ. P. 58(c)(2) (emphasis added).

Given that the Remand Order does *not* fall within the exceptions listed in Rule 58(a), the Court was required to enter a formal "separate document" of judgment. This conclusion is consistent with *Schaefer*, where the Supreme Court stated that "[s]ince the District Court's [sentence-four] remand order was a final judgment, a 'separate document' of judgment should have been entered." *Schaefer*, 509 U.S. at 303. The Remand Order, therefore, is governed by Rule 58(c)(2).

The Clerk of Court entered judgment (i.e., the Remand Order) in the civil docket on September 21, 2017, [DE 30], but the Court did not issue a separate document of judgment. Thus, subsection (c)(2)(B) applies, which means that final judgment (i.e., the

Remand Order) was "entered" within the meaning of Rule 58 on February 20, 2018, which is 150 days after the Clerk entered the Remand Order on the civil docket.[6] Under Rule 4(a) of the Federal Rules of Appellate Procedure, the Commissioner then had 60 days to appeal the Remand Order, which period expired on April 23, 2018.[7] *See* Fed. R. App. P. 4(a)(1)(B)(iii) (in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment).[8] Accordingly, the Remand Order became "not appealable," and thus a final judgment within the meaning of the EAJA, on April 23, 2018.[9]

Plaintiff insists that Rule 58 requires that the Court enter a separate document of judgment, and that until the Court does so, the Commissioner's period to appeal does not close. [DE 38 at 2]. Plaintiff ignores subsection (c)(2)(B) of Rule 58, which provides that

[6] The 150th day fell on February 18, 2018, a Sunday, and February 19, 2018 was a federal holiday, Presidents' Day. Pursuant to Rule 6(a)(1), the Court excludes these days from its computation of time. *See* Fed. R. Civ. P. 6(a)(1)(C).

[7] The 60th day fell on a Saturday, April 21, 2018. *See supra* n. 6.

[8] Fed. R. App. P. 4(a)(7)(A)(ii) tracks the language of Rule 58(c)(2), and stats that "[a] judgment or order is entered for purposes of this Rule 4(a)...if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs: the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)."

[9] Plaintiff asserts that the Commissioner previously acknowledged that a separate document of judgment is required for final judgment to be entered in this case under Rule 58. [DE 38 at 3]. Plaintiff relies upon the following statement from the Commissioner in October 2017: "the Commissioner will not provide her position on the proposed EAJA petition until a judgment is issued pursuant to Federal Rule of Civil Procedure 58 and that judgment becomes final through expiration of the period in which the parties could appeal the judgment." [*Id.*]. Plaintiff misconstrues the Commissioner's statement. The Commissioner correctly asserted that final judgment had not yet been entered in October 2017, because a separate document of judgment had not been issued nor had 150 days expired since entry of the Remand Order.

final judgment is entered – when a court does not issue a separate document of judgment – 150 days after the judgment is entered on the civil docket. That is exactly what happened here: there is no formal separate document of judgment and the Remand Order is a judgment that the Clerk entered on the civil docket. Rule 58(c)(2)(B) prescribes that judgment was entered 150 days later, and this was followed by the 60-day period to appeal, which has long since closed.

b. Plaintiff's misplaced reliance on *Schafer*

Plaintiff relies on *Schaefer*, where the Supreme Court held that an application for EAJA fees was timely because final judgment had not been entered pursuant to Rule 58. *Schaefer*, 509 U.S. at 303. Importantly, Rule 58 was amended after *Schaefer,* to add the provision in subsection (c)(2)(B), which Plaintiff overlooks.

At the time of *Schaefer*, Rule 58 stated that "[e]very judgment shall be set forth on a separate document. A judgment is effective **only** when so set forth and when entered as provided in Rule 79(a)." Fed. R. Civ. P. 58 (1993) (emphasis added); *see also Schaefer*, 509 U.S. at 302-03. Although the sentence-four remand order in *Schaefer* was a final judgment, the Supreme Court held that final judgment had not been entered pursuant to Rule 58 because it was not set forth on a separate document of judgment. This meant that the remand order remained appealable, because the deadline to appeal is not triggered until judgment is entered under Rule 58. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7)(A). Given that the appellate period remained open, the EAJA's 30-day deadline to file a petition for attorney's fees had not begun to run. *See Schaefer*, 509 U.S. at 303 ("EAJA's 30-day

time limit runs from the *end* of the period for appeal not the *beginning*.") (emphasis in original). Thus, the *Schafer* EAJA petition was timely.

Congress amended Rule 58 in 2002, to address situations where courts fail to set forth a judgment in a separate document. It did so by adding the provision that is now subsection (c)(2)(B), which allows judgment to be "entered" under Rule 58 even when a court does not issue a separate document. Congress amended Rule 4(a)(7)(A) of the Federal Rules of Appellate Procedure at the same time, to track the language of revised Rule 58. The Advisory Committee Notes are clear: the rules were amended to address this question: "[w]hen a judgment or order is required to be set forth on a separate document under Fed. R. Civ. P. 58 but is not, does the time to appeal the judgment or order...ever begin to run?" Advisory Committee's 2002 Note on Subd. (a)(7) of Fed. R. App. P. 4. The Committee answered this question in the affirmative.

> Both Rule 4(a)(7)(A) and Fed. R. Civ. P. 58 have been amended to impose such a cap [on the time to appeal]. Under the amendments, a judgement or order is generally treated as entered when it is entered on the civil docket pursuant to Fed. R. Civ. P. 79(a). There is one exception: When Fed. R. Civ. P. 58(a)(1) requires the judgment or order to be set forth on a separate document, that judgment or order is not treated as entered until it is set forth on a separate document (in addition to being entered in the civil docket) **or until the expiration of 150 days after its entry in the civil docket, whichever occurs first. This cap will ensure that parties will not be given forever to appeal...when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58(a)(1).**

*Id.* (emphasis supplied). The inclusion of the 150-day rule is why the Remand Order is no longer "appealable", unlike the remand order in *Schaefer.*

Pursuant to Rule 58(c)(2)(B), final judgment has been entered in this case under Rule 58, even though there is no separate document of judgment, because more than 150 days have passed since the Remand Order was entered in the civil docket. Contrary to Plaintiff's assertion, the Remand Order was not appealable when he filed his Petition because the 60-day appeal period closed on April 23, 2018.

C. Plaintiff's EAJA Petition is Untimely

In review, the EAJA requires a prevailing plaintiff to file his petition for attorney's fees "within 30 days from final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). *Schaefer* explains that this deadline begins to "run[] from the *end* of the period for appeal…." 509 U.S. at 303. Because the period for appeal ended on April 23, 2018, Plaintiff had until May 23, 2018 to file his petition for attorney's fees. Plaintiff did not file his initial petition until June 15, 2018, and his revised Petition until July 3, 2018 – both outside the EAJA's 30-day deadline. Plaintiff's EAJA Petition is untimely.[10]

[10] Plaintiff refers to two cases where another division of this Court "agreed with [plaintiff's counsel] on the issue of timeliness." [DE 38 at 5] (citing *Ricardo Javier Gonzalez v. Commissioner of Social Security*, Case No. 14-cv-22703; *Luisa Salazar v. Commissioner of Social Security*, Case No. 16-cv-21540). In both cases, the Court issued a remand order without also issuing a separate document of judgment. The Court did, however, enter a separate judgment, much later, when it also issued orders that granted the plaintiffs' EAJA petitions for attorneys' fees. Notably, the Court in *Gonzalez* did not evaluate whether the petition was timely. [*Gonzalez* at 44]. In *Salazar*, the Court did find that fee petition timely, but it did so without considering the analysis set forth in this Report and Recommendation. [*Salazar* at 29]. The Commissioner in *Salazar* has challenged the Court's conclusion that that fee petition was timely, and has asked the Court to vacate its separate judgment and award of fees, in a motion that is pending before that Court. [*Salazar* at DE 30]. The orders awarding fees in these two cases do not persuade me that Plaintiff's fee petition is timely.

D. Is the EAJA deadline jurisdictional?

That Plaintiff's EAJA fees petition is untimely does not necessarily mean that the Court must deny it. If the EAJA's 30-day deadline is not jurisdictional, the doctrine of equitable tolling may allow the Court to consider the untimely Petition. It now appears that the 30-day deadline is not jurisdictional.

Nearly three decades ago, the Eleventh Circuit Court of Appeals clearly stated that the EAJA's 30-day deadline "is jurisdictional in nature, thus, a claimant's failure to file an EAJA application within this [30-day] time constraint precludes a district court from considering the merits of the fee application." *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (citations omitted). The Supreme Court, however, reached the opposite conclusion in *Scarborough v. Principi*, 541 U.S. 401 (2004). In *Scarborough*, the Court considered whether a timely filed EAJA application could be amended, after the 30-day filing period, to cure a pleading defect. In deciding that an out-of-time curative amendment is permissible, the Court stated that "the [EAJA's] 30-day deadline for fee applications...[is] not properly typed 'jurisdictional'." 541 U.S. at 414.[11]

The Eleventh Circuit has not revisited the jurisdictional issue since *Scarborough*. Two other Courts of Appeal have addressed this question, and both conclude that, in light of *Scarborough*, the EAJA's 30-day deadline is not jurisdictional. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 603 n. 2 (9th Cir. 2007) ("We note that the district court

[11] The Court explained that the 30-day filing deadline in § 2412(d)(1)(B) "does not concern the federal courts' 'subject matter jurisdiction.' Rather, it concerns a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of the civil action' in which the fee application is made." 541 U.S. at 413 (citations omitted).

correctly held that it had subject matter jurisdiction over Van's fee application, even if it was untimely filed. After *Scarborough v. Principi*...,§ 2412(d)(1)(B)'s 30-day filing requirement is no longer considered jurisdictional."); *Townsend v. Commissioner of Social Security*, 415 F.3d 578, 581-82 (6th Cir. 2005) ("Admittedly, our past precedent characterized the EAJA's time limitation for fee applications as jurisdictional. This precedent, however is overruled by the Supreme Court's recent decision in *Scarborough v. Principi*...").

In its opposition memorandum, the Commissioner concedes that, given *Scarborough*, "...the EAJA's thirty-day deadline is not properly treated as jurisdictional [and] [t]herefore, the EAJA's time limit is subject to equitable tolling." [DE 37 at 4]. The Commissioner correctly points out that "Plaintiff offers no explanation for his failure to file a timely EAJA petition, nor requested the Court to consider equitable tolling as a remedy," and it is his burden to do so. [*Id.*]. In reply, Plaintiff makes no mention of equitable tolling and does not offer any reasons why the doctrine might apply. [DE 38]. Accordingly, this Court has no basis to equitably toll the filing deadline set forth in 28 U.S.C. § 2412(d)(1)(B), and therefore must deny the Petition as untimely.

## III. Recommendation

Based on the foregoing, I respectfully recommend that the Court **DENY** Plaintiff's Petition for Attorney's Fees [DE 35].

## IV. Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and

Recommendation with the Honorable K. Michael Moore, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 16th day of October, 2018.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
Counsel of record